IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LION MARTIN MILLER, | No. 2:16-CV-2171-JAM-CMK |
| Plaintiff, | |
| vs. | ORDER |
| CHILDREN'S PROTECTIVE SERVICES, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

1

1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

Plaintiff names the following as defendants: (1) Nicole Fowler, a case worker with the Butte County Child Protective Services Department; (2) "Butte County Foster Lic.," which plaintiff describes as the Butte County licensing agency for foster parents; and (3) Eugene Hastings, a foster parent.[1] Plaintiff asserts the following claims:

| | | |
|---|---|---|
| Claim I | "4 Amendment, Taking a Child From a Home Without a Warrant or Showing One" | |
| Claim II | "4 Amendment 8th Amendment Child Safety and Medical Neglect Denied Medical Attention While in a County Facility" | |
| Claim III | "8th and 4th Amendment Safety and Right to Medical Attention While in Care of Butte County, a County Facility, or Foster Home set by the County of Butte" | |

Plaintiff states that defendant Fowler placed his son in the foster care of defendant Hastings. He does not say why. Plaintiff further alleges that defendant Hastings physically abused his son and failed to provide him with proper medical treatment afterwards. Specifically, plaintiff alleges that his son's arm was broken and that defendant Hastings failed to take him to a doctor for three days. According to plaintiff, defendant Hastings had prior allegations of mistreatment of foster children against him and that, notwithstanding these prior allegations, defendant Fowler placed his son with defendant Hastings anyway.

/ / /

/ / /

---

[1] The docket also lists "Childrens Protective Services" and "Butte County Foster Care Agency" as defendants. Because these entities are not named in the complaint, the Clerk of the Court will be directed to terminate them as defendants to this action.

2

The court concludes that it has subject matter jurisdiction and that the complaint is appropriate for service by the United States Marshal without pre-payment of costs. If plaintiff desires service of process by the United States Marshal without pre-payment of costs, plaintiff must comply with the requirements outlined below. Plaintiff is warned that failure to comply with this order, or otherwise effect service pursuant to Federal Rule of Civil Procedure 4, may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to terminate "Childrens Protective Services" and "Butte County Foster Care Agency" as defendants to this action;

2. The Clerk of the Court shall issue a summons in a civil case, the undersigned's new case documents, and an order setting this matter for an initial scheduling conference;

3. The Clerk of the Court shall send plaintiff the summons, three USM-285 forms, and a copy of the complaint;

4. Within 15 days from the date of this order, plaintiff shall complete the summons by indicating the addresses of the named defendants and shall submit to the United States Marshal at the address indicated below the following documents:

    a. The completed summons;

    b. One completed USM-285 form for each named defendant;

    c. Four copies of the complaint; and

    d. Three copies of the court's initial scheduling conference order issued herewith;

/ / /

/ / /

/ / /

5. Within 20 days of the date of this order, plaintiff shall file a notice indicating that the documents described above have been submitted to the United States Marshal, or a notice that plaintiff intends to serve the summons and complaint without assistance from the United States Marshal;

6. If plaintiff seeks the assistance of the United States Marshal, the United States Marshal is directed to serve all process without pre-payment of costs not later than 60 days from the date of this order, such service of process to be completed by serving a copy of the summons, complaint, and initial scheduling conference order on the defendants at the addresses provided by plaintiff; and

7. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

DATED: July 30, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE